***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-10-0000253
30-APR-2012
08:37 AM

NO. SCWC-10-0000253

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

EMILIO SORIA, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. CAAP-10-0000253; CASE NO. 1DTA-10-05767)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.;
with Acoba, J., concurring and dissenting)

Petitioner Emilio Soria ("Soria") seeks review of the
Intermediate Court of Appeal's September 9, 2011 Judgment on
Appeal, entered pursuant to its August 17, 2011 Summary
Disposition Order, which affirmed the District Court of the First
Circuit's December 6, 2010 Judgment and Notice.  The District
Court adjudged Soria guilty of Operating a Vehicle Under the
Influence of an Intoxicant, in violation of Hawai'i Revised
Statutes ("HRS") § 291E-61(a)(1)(2007).[1]  We accepted Soria's

_____

[1] HRS § 291E-61(a)(1) provided, at the time of the alleged offense, the
following:
> A person commits the offense of operating a vehicle under
> the influence of an intoxicant if the person operates or
> assumes actual physical control of a vehicle . . . [w]hile
> under the influence of alcohol in an amount sufficient to
> impair the person's normal mental faculties or ability to
> care for the person and guard against casualty[.]

application for writ of certiorari and now vacate the ICA's Judgment on Appeal and remand this case to the District Court with instructions to dismiss Soria's Complaint without prejudice.

On certiorari, Soria contends that the ICA gravely erred in holding that mens rea need not be alleged in an HRS § 291E-61(a)(1) charge. In State v. Nesmith, however, we recently held that mens rea must be alleged in an HRS § 291E-61(a)(1) charge in order to provide fair notice of the nature and cause of the accusation. State v. Nesmith, ____ Hawaiʻi ___, ___ P.3d ____ (2012). Therefore, Soria's HRS § 291E-61(a)(1) charge was deficient for failing to allege mens rea, and the ICA gravely erred in holding otherwise.

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal is vacated, and this case is remanded to the District Court with instructions to dismiss the Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, April 30, 2012.

| | |
|---|---|
| Timothy I. MacMaster for petitioner/ defendant-appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Keith M. Kaneshiro, Prosecuting Attorney, | /s/ James E. Duffy, Jr. |
| and Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for respondent/plaintiff- appellee | /s/ Sabrina S. McKenna |

